# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

———————

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-2235 | bfriedman@stblaw.com |

October 22, 2020

**VIA: ECF**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:  *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, No. 20 Civ. 5818

Dear Judge Engelmayer:

Defendant Midvale Indemnity Company respectfully requests that the Court take judicial notice of the enclosed decisions in connection with Defendant's fully briefed motion to dismiss. (*See* Dkt. Nos. 11–12, 18, 20).

On October 2, 2020, in *Mark's Engine Co. No. 28 Restaurant, LLC v. Travelers Indemnity Co. of Connecticut*, No. 2:20-cv-04423, 2020 WL 5938689 (C.D. Cal. Oct. 2, 2020), the U.S. District Court for the Central District of California dismissed claims by a restaurant seeking to recover loss of business income and extra expense caused by California's social distancing orders. The court dismissed the claims with prejudice because "losses from inability to use property do not amount to 'direct physical loss of or damage to property'" and, even if they did, "coverage would be precluded under the virus exemption provision." A copy of the decision is attached as Exhibit A.

On October 6, 2020, in *Henry's Louisiana Grill, Inc. v. Allied Insurance Co. of America*, No. 1:20-cv-2939-TWT, 2020 WL 5938755 (N.D. Ga. Oct. 6, 2020), the U.S. District Court for the Northern District of Georgia dismissed claims by a restaurant seeking to recover loss of business income caused by Georgia's social distancing orders. The court dismissed the claims with prejudice because government orders limiting use of property are not direct physical loss of or damage to property, and plaintiffs' interpretation "exceeds any reasonable bounds of possible construction[.]" Additionally, plaintiffs failed to allege the facts required for civil authority coverage under the policy. A copy of the decision is attached as Exhibit B.

On October 16, 2020, in *Seifert v. IMT Insurance Company*, Civ. No. 20-1102 (JRT/DTS) (D. Minn. Oct. 16, 2020), the U.S. District Court for the District of Minnesota

dismissed claims by the owner of a hair salon and a barbershop seeking to recover loss of business income caused by social distancing orders issued by the Governor of Minnesota. The court dismissed the claims because "governmental action prohibiting the use of property, by itself, is not enough" to demonstrate direct physical loss of or damage to property. Additionally, plaintiff failed to allege the facts required for civil authority coverage under the policies. Finally, the court held that the virus exclusion provision in the policies precluded plaintiff's claim, finding that "if a virus is any part of the causal chain causing a loss, then the loss is not covered." A copy of the decision is attached as Exhibit C.

On October 19, 2020, in *Travelers Casualty Insurance Co. of America v. Geragos & Geragos*, CV 20-3619 PSG (Ex) (C.D. Cal. Oct. 19, 2020), the U.S. District Court for the Central District of California dismissed without leave to amend counterclaims by a law firm seeking to recover loss of business income caused by a social distancing order issued by the Mayor of Los Angeles. The court dismissed the claims because the law firm alleged only that it had been "deprived of the . . . ability to interface with clients," but had not alleged any "*physical* damage to the property." Additionally, the court held that the virus exclusion provision precluded the law firm's claim for civil authority coverage, since "[t]he Virus Exclusion Provision, which explicitly applies to civil authority coverage, also explicitly excludes loss or damage resulting from a virus." A copy of the decision is attached as Exhibit D.

On October 21, 2020, in *Hillcrest Optical, Inc. v. Continental Casualty Co.*, Civ. No. 20-CV-275-JB-B (S.D. Ala. Oct. 21, 2020), the U.S. District Court for the Southern District of Alabama dismissed claims by an optometrist office seeking to recover loss of business income and extra expense caused by a social distancing order issued by the Alabama State Health Officer. The court dismissed the claims with prejudice because "Plaintiff was only temporarily precluded from performing routine medical procedures while the Order was in effect," which did not constitute direct physical loss of or damage to property. A copy of the decision is attached as Exhibit E.

                                                Respectfully submitted,

                                                /s/ *Bryce L. Friedman*

                                                Bryce L. Friedman

Enclosed:    *Mark's Engine Co. No. 28 Restaurant, LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04423, 2020 WL 5938689 (C.D. Cal. Oct. 2, 2020)

                    *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, No. 1:20-cv-2939-TWT, 2020 WL 5938755 (N.D. Ga. Oct. 6, 2020)

                    *Seifert v. IMT Ins. Co.*, Civ. No. 20-1102 (JRT/DTS) (D. Minn. Oct. 16, 2020)

                    *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, CV 20-3619 PSG (Ex) (C.D. Cal. Oct. 19, 2020)

*Hillcrest Optical, Inc. v. Continental Cas. Co.*, Civ. No. 20-CV-275-JB-B (S.D. Ala. Oct. 21, 2020)